**Surinder KAUR, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**No. 05–76555.**

United States Court of Appeals, Ninth Circuit.

Submitted April 16, 2007 *.

Filed April 19, 2007.

Zeena Batliwalla, Rai & Associates, P.C., San Francisco, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Donna S. Fitzgerald, Esq., U.S. Dept. of Justice, Washington, DC, for Respondent.

Before: O'SCANNLAIN, CLIFTON, and BEA, Circuit Judges.

MEMORANDUM **

Surinder Kaur, a native and citizen of India, petitions for review of the Board of

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Immigration Appeals' ("BIA") denial of asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. Because the BIA conducted a de novo review of the law and evidence, we review the decision of the BIA. We deny the petition. *See Cordon–Garcia v. INS,* 204 F.3d 985, 990 (9th Cir.2000).

Substantial evidence supports the BIA's conclusion that Kaur failed to meet her burden of proving past persecution or a well-founded fear of future persecution. Kaur's allegations of mistreatment by Indian police during a single detention and isolated visits to her home do not rise to the level of past persecution, or form the basis of an objectively reasonable fear of future persecution. *See Gu v. Gonzales,* 454 F.3d 1014, 1019–21 (9th Cir.2006) (Chinese national who was beaten 10 times with a rubber pipe and held three days by Chinese police on account of unsanctioned religious practice did not establish past persecution).

Because Kaur did not establish eligibility for asylum, she necessarily failed to establish a claim for withholding of removal. *See id.*

Kaur's CAT claim also fails because she did not show that it is more likely than not that she would be tortured if removed to India. *See Malhi v. INS,* 336 F.3d 989, 993 (9th Cir.2003).

**PETITION DENIED.**

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.